CHRISTOPHER A. OLSEN, Bar No. 236928
**OLSEN LAW OFFICES, APC**
1010 Second Ave., Ste. 1835
San Diego, California 92101
Telephone (619) 550-9352
Facsimile  (619) 923-2747
caolsen@caolsenlawoffices.com

Attorneys for Plaintiff and all other similarly situated persons.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABELL HERRERA, on behalf of herself and all others similarly situated, | Case No. |
| | |
| Plaintiffs, | **CLASS ACTION COMPLAINT FOR** |
| v. | 1. **Failure to Pay Overtime Pay** |
| | 2. **Failure to Provide Meal Periods** |
| AMAZON.COM SERVICES, INC., a Delaware Corporation; and DOES 1 through 100, inclusive, | 3. **Failure to Pay Wages of Terminated or Resigned Employees** |
| | 4. **Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions** |
| Defendants. | 5. **Violations of the Unfair Competition Law** |
| | 6. **Private Attorney General Act** |
| | **DEMAND FOR JURY TRIAL** |

///

///

///

///

1

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff ISABELL HERRERA, on behalf of herself and all others similarly situated, complain of Defendants, and each of them, and for causes of action alleges:

## I.

## INTRODUCTION

1.    This is a class action, pursuant to Federal Rules of Civil Procedure, Rule 23, on behalf of Plaintiff and all persons who are employed or have been employed by Defendants AMAZON.COM SERVICES, INC. ("AMAZON") and any subsidiaries or affiliated entities (hereinafter collectively referred to as "Defendants") in the State of California as warehouse laborers (hereinafter "Warehouse Laborers") within four years prior to the filing of this class action through the date of judgment. The Warehouse Laborers employed by or formerly employed by Defendants within the State of California are hereinafter referred to individually as "Class Member" and collectively as the "Class Members" or "Classes."

2.    Defendants employed and continue to employ Warehouse Laborers to whom Defendants as a class wide policy and practice failed to pay appropriate overtime pay, did not make statutory meal periods available or failed to pay an hour's pay in lieu thereof, and knowingly failed to provide itemized wage statements that comply with Labor Code, section 226. Plaintiff further contends Defendants' failure to comply with the California Labor Code, and Industrial Welfare Commission ("IWC") Wage Orders is an unlawful business practice within the meaning of California Business and Professions Code, section 17200, et seq.

## II.

## PARTIES

### A.    Plaintiff

3.    ISABELL HERRERA (hereinafter "HERRERA" or "Plaintiff") is a resident of California.  Plaintiff's employment with Defendants began on or about October 2016 through February 6, 2017 in Moreno Valley, California.  At all relevant times herein, Plaintiff was employed by Defendants as a general laborer and

Defendants, as a matter of practice and policy, failed to pay appropriate overtime pay, and failed make statutory meal periods, and failed to provide accurate, itemized wage statements.

**B.    Defendants**

4.    AMAZON is a Delaware corporation with its Principal Place of Business in Seattle, Washington. AMAZON sells products via the internet and distributes products to consumers through local distribution centers. Plaintiff is informed and believes, and based thereon alleges that Defendants have employed hundreds of Warehouse Laborers who are California residents and are subjected to Defendants' unlawful employment policies and practices.

5.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiff, who therefore sue Defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE are legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

6.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Specifically, AMAZON provides distribution services for multiple clients and, Plaintiff is informed and believes, that Defendant PRIMEPATH partnered and/or contracted with AMAZON to provide Warehouse Laborers to work within AMAZON's distribution centers and fulfill its mission. Plaintiff is informed and believes, that AMAZON directed and controlled the day-to-day operations of the Warehouse Laborers, which included identifying how many Warehouse Laborers

were needed per shift, identifying and setting shift hours, setting and enforcing policies and practices concerning when Warehouse Workers would be permitted to take rest breaks and/or meal periods, if at all, and determining what hours will be recorded as compensable. Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the Putative Class Members.

## III. JURISDICTION AND VENUE

7.    This Court also jurisdiction in this matter because Defendants are alleged to have violated California law and related common law principles, because complete diversity exists between the parties--Plaintiff is a resident of California and Defendant AMAZON is a Delaware corporation with its principal place of business in Seattle, Washington.  Further, the amount of the aggregate claim of all Class Members is likely over the $5,000,000 threshold of the Class Action Fairness Act of 2005 ("CAFA"). Finally, all of Plaintiff's causes of action are based on California's wage and hour laws; there are no federal questions at issue.

8.    Venue as to each Defendant is proper in this judicial district, pursuant to 28 U.S.C. §1391(b)(2).  Defendants operate and manage distribution services throughout the state of California, including, but not limited to Moreno Valley, California, which is within the Central District of California. Defendants operate and are doing business in Riverside County. Defendants employed Class Members in Moreno Valley, California. Defendants' failure to pay appropriate overtime compensation and provide rest breaks and meal periods compliant with California law occurred in Moreno Valley, California. Thus, while Plaintiff reasonably contends Defendants' wage and hour violations occurred throughout California, a "substantial part of the events or omissions" giving rise to the claims occurred in this District. Accordingly, venue in the Central District of California is appropriate.

## IV. FACTUAL BACKGROUND

9.    Plaintiff and the Class Members are, and at all times pertinent hereto, have been Warehouse Laborers and entitled to appropriate regular and overtime

4

compensation, and statutory meal periods within the meaning of the California Labor Code and the implementing rules and regulations of IWC California Wage Orders.

10.    Plaintiff and Class Members were hired by Defendants as Warehouse Laborers in the state of California within four years prior to the date this Complaint was filed.

11.    Plaintiff is informed and believes, and based thereon alleges that Defendants failed to pay overtime for all hours worked over eight (8) per work day and/or over forty (40) per workweek during the four years prior to the date this Complaint was filed, in violation of Labor Code, sections 510, 1194.

12.    Plaintiff is informed and believes, and based thereon alleges that Defendants did not provide meal periods in compliance with Labor Code 512, which requires that an employer provide an uninterrupted meal period of at least 30 minutes within the first five (5) hours of any shift over six (6) hours, unless the total work period is less than six hours and the meal period is waived by both employer and employee, and a second meal period within the tenth (10th) hour of any shift of twelve (12) hours or more.  According to Plaintiff, Defendants often required its employees to perform tasks and assignments during meal periods, which were often times less than 30 minutes.  Plaintiff and the Class Members were routinely required to take meal periods that were less than a full thirty (30) minutes and Defendants had no policy or practice to provide a second meal period within the tenth (10th) hour worked. Further, Defendants lacked a policy or practice to pay an hour's pay for missed meal periods and/or rest breaks.

13.    For at least four years prior to the filing of this action and through to the present, Defendants consistently maintained and enforced the following unlawful practices and policies against its employees, in violation of California state wage and hour laws:

(a)    Defendants have had a consistent policy not to pay Class Members all overtime compensation that satisfies California's

overtime wage requirements for hours worked over eight (8) per day and/or over forty (40) per work week in violation of Labor Code, sections 510 and 1194;

(b)  Defendants have had a consistent policy of requiring Class Members within the State of California, including Plaintiff, to work at least five (5) hours without a meal period free of all work duties and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period was not provided, all in violation of, among others, Labor Code §§ 226.7, 512, and applicable Industrial Welfare Commission Wage Orders, in one or more of the following manners:

(i)  Class Members were required to work through their daily meal period(s), or work an unlawful "on-duty meal period;"

(ii)  Class Members were not provide a net meal period of at least 30 minutes off-the-clock;

(iii)  Class Members were not free to decide for themselves when to take a 30 minute meal period and instead were subjected to Defendants' practice to provide meal periods after five (5) hours of work;

(c)  Defendants have had a consistent policy and practice of requiring Class Members within the State of California, including Plaintiff, to work at least ten (10) hours without a second meal period free of all work duties and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the second meal period was not provided, all in violation of, among others, Labor Code

6

§§ 226.7, 512, and applicable Industrial Welfare Commission Wage Orders. Defendants did not permit a second meal period by the tenth (10th) hour worked.

(d) With respect to Class Members who either were discharged, laid off, or resigned, Defendants failed to pay all wages for meal periods, or overtime owed to the Class Members at termination as required by Labor Code §§ 201, 202, 203; and

(e) Defendants knowingly and intentionally failed to itemize appropriate overtime pay for hours worked over eight (8) per day and/or over forty (40) per week, failed to itemize an hour's pay for compensation for missed meal periods, failed to provide their identities and addresses, and thus failed maintain provide accurate, itemized wage statements.

14. On information and belief, Plaintiff alleges that she and the Class Members did not waive meal periods during the liability period.

15. Plaintiff is informed and believes, and based thereon alleges, that Defendants willfully failed to pay the Class Members in a timely manner all earned wages; nor have Defendants returned to Class Members, upon or after termination of their employment with Defendants, unlawful deductions and penalties due them for having failed to properly provide meal periods.

16. Plaintiff is informed and believes, and based thereon alleges, that Defendants currently employ, and during the relevant liability period have employed, hundreds of employees in the State of California in non-exempt positions.

17. At relevant times herein, the named Plaintiff and the Class Members were employed by Defendants and were paid, on information and belief, predominantly on an hourly basis.

18. On information and belief, Plaintiff alleges that Defendants' actions as described throughout this Complaint were willful.

7

19.     On information and belief, Plaintiff alleges that Defendants willfully failed to pay the legal wages, failed to provide legal meal periods, and willfully failed to pay one hour's wages in lieu of meal periods, when each such employee quit or was discharged.

20.     Plaintiff, on behalf of herself and all other Class Members, brings this action pursuant to California Labor Code sections 201, 202, 203, 226, 226.7, 510, 1194 and California Code of Regulations, Title 8, section 11070 *et seq.*, seeking unpaid overtime, unpaid meal period compensation, penalties, injunctive, and other equitable relief, and reasonable attorneys' fees and costs.

21.     Defendants have made it difficult to account with precision for the unlawfully withheld wages and meal period compensation owed to Defendants' Warehouse Laborers, including Plaintiff, during the liability period, because Defendants did not implement and preserve a record-keeping method as required for non-exempt employees by California Labor Code sections 226, 1174(d), and section 9 of the California Wage Orders.  Defendants have failed to comply with Labor Code section 226(a) by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by Plaintiff and the Class Members. Defendants failed to itemize overtime pay for hours worked over eight (8) per day and/or over forty (40) hours per work week. Plaintiff and Class Members are therefore entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b).

22.     Defendants have failed to comply with section 7 of the California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to Labor Code section 226.7, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by the Class Members.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

23.     Plaintiff, on behalf of herself and all Class Members, pursuant to Business and Professions Code sections 17200-17208, also seeks injunctive relief and restitution for the unfair, unlawful, or fraudulent practices alleged in this Complaint.

## V.

## CLASS ALLEGATIONS

24.     Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to Fed. R. Civ. P., Rule 23.  Plaintiff seeks to represent a Class composed of and defined as follows:

> (f)   All persons who are employed or have been employed by Defendants in the State of California as Warehouse Laborers within four years prior to the filing of this class action to the date of judgment ("Class Members").

25.     Additionally, Plaintiff seeks to represent Sub-Classes composed of and defined as follows:

> (g)   All Class Members who did not receive appropriate overtime compensation for hours worked over eight (8) per day and/or over forty (40) per workweek for each applicable year beginning four years prior to the date this Complaint is filed through the date of judgment. ("Overtime Pay Sub-Class").

> (h)   All Class Members who were not provided a meal period for every five hours or major fraction thereof worked per day, and were not provided one hour's pay for each day on which such meal period was not provided. ("Meal Period Sub-Class").

> (i)   All Class Members who were not provided a second meal period for every ten hours or major fraction thereof worked per day, and were not provided one hour's pay for each day on which such meal period was not provided. ("Second Meal Period Sub-Class").

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

(j)    All Class Members who were employed as Warehouse Laborers in the State of California who, within one year of the filing of this Complaint, have not been provided accurate, itemized wage statements that comply with Cal. Labor Code, §226. ("Lab. Code 226 Penalty Sub-Class").

(k)    All Class Members who were employed as Warehouse Laborers and have separated their employment from Defendants in the State of California who, within three years of the filing of this Complaint, have not been paid wages pursuant to Labor Code section 203 and are owed restitution for waiting time penalties deriving from wages. ("Waiting Time Penalty Sub-Class").

26.    Plaintiff reserves the right under Fed. R. Civ. P., Rule 15, to amend or modify the class descriptions with greater specificity or further division into subclasses or limitation to particular issues.

27.    This action has been brought and may properly be maintained as a class action under the provisions of section Fed. R. Civ. P., Rule 23 because: a) the class is sufficiently numerous; b) common questions of law and fact exist concerning Defendants' failure to pay appropriate overtime compensation, failure to provide compliant meal periods, failure to provide accurate/itemized wage statements, and failure to pay all wages owed at termination; c) Plaintiff's claims are typical of the Class Members' claims; d) Plaintiff and his counsel will adequately represent the class and have no conflict with the Class Members; e) class action treatment of Plaintiff's claims is superior to individual treatment for the same violations.

A.    **Numerosity**

28.    The potential members of each Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, hundreds of employees in positions as Defendants' Warehouse Laborers

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  in California, who are or have been affected by Defendants' unlawful practices as

2  alleged herein.

3         29.    Accounting for employee turnover during the relevant periods

4  necessarily increases this number substantially.    Upon information and belief,

5  Plaintiff alleges Defendants' employment records would provide information as to

6  the number and location of all Class Members.    Joinder of all members of the

7  proposed Classes is not practicable.

8  **B.    <u>Commonality</u>**

9         30.    There are questions of law and fact common to each Class

10  predominating over any questions affecting only individual Class Members. These

11  common questions of law and fact include, without limitation:

12                    (a)   Whether Defendants violated Labor Code sections 510 and 1194

13                          by failing to pay appropriate regular and overtime

14                          compensation to non-exempt employees on days they worked

15                          work periods in excess of eight (8) hours per work day and over

16                          forty (40) hours per workweek;

17                    (b)   Whether Defendants violated Labor Code sections 226.7 and

18                          512, section 11 of the IWC Wage Orders, and Cal. Code Regs.,

19                          Title 8, section 11070 *et seq.* by failing to provide a meal period

20                          to non-exempt employees on days they worked work periods in

21                          excess of five (5) hours and failing to compensate said

22                          employees one hour's wages in lieu of meal periods;

23                    (c)   Whether Defendants violated Labor Code sections 226.7 and

24                          512, section 11 of the IWC Wage Orders, and Cal. Code Regs.,

25                          Title 8, section 11090 *et seq.* by failing to provide a second

26                          meal period to non-exempt employees on days they worked

27                          work periods in excess of ten (10) hours and failing to

28

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

compensate said employees one hour's wages in lieu of meal periods;

(d)    Whether Defendants violated sections 226 and 1174 of the Labor Code and section 7 of the IWC Wage Orders by failing to maintain accurate records of Class Members' earned wages, work periods, identity of employer, business addresses of employers;

(e)    Whether Defendants violated sections 201-203 of the Labor Code by failing to pay all earned wages and/or premium wages or return unlawfully deducted wages, expenditures or losses, or reimbursements due and owing at the time that any Class Member's employment with Defendants terminated, voluntarily or involuntarily;

(f)    Whether Defendants violated section 17200 *et seq.* of the Business and Professions Code, Labor Code §§ 201-203, 351, 226.7, 512, 1194, 1199, 1174, 2802, and applicable IWC Wage Orders, which violation constitutes a violation of fundamental public policy; and

(g)    Whether Plaintiff and the Class Members are entitled to equitable relief pursuant to Business and Professions Code section 17200 *et seq.*

C.    **Typicality**

31.    The claims of the named Plaintiff are typical of the claims of the Class Members. Plaintiff and all members of each Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein. Plaintiff contends that she and Class Members were not appropriately paid overtime compensation for hours worked beyond eight (8) per day and/or over forty (40) per work week. Plaintiff

12

contends that she and the Class Members were not provided meal periods within the first five (5) hours worked that were 30 minutes and free of all work duties, that Plaintiff and Class Members were not provided a second meal period by the tenth (10th) hour worked, that Plaintiff and Class Members were not compensated an hour's pay for missed meal periods, and that Defendants' meal period and rest break policies do not provide an hour's pay for missed meal periods. Due to these failures, and because Defendants failed to provide wage statements that identified the employers' business address, Plaintiff and the Class Members were provided inaccurate wage statements.

**D.   Adequacy of Representation**

32.   Plaintiff will fairly and adequately represent and protect the interests of the members of each Class.  Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

**E.   Superiority of Class Action**

33.   A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to each Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices alleged in the Complaint.

34.   Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

///

///

///

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

# VI.

# CAUSES OF ACTION

## First Cause of Action

### (Plaintiff HERRERA on Behalf of Herself and Class Members against Defendants for Failure to Pay Overtime Compensation – Cal. Labor Code §§ 510, 1194)

35.     Plaintiff alleges and by reference incorporates the allegations in the preceding paragraphs.

36.     Defendants did not have a policy or practice to pay appropriate overtime compensation for hours worked over eight (8) per workday or over forty (40) per work week. Defendants' policy and practice is not to pay overtime compensation until after the Class Member worked fifty (50) hours per week and did not base overtime pay on a daily hour calculation. As a result, Plaintiff and the Plaintiff Class Members worked over eight (8) hours per day and/or worked over forty (40) hours per week without appropriate overtime compensation and were suffered damages in unpaid overtime wages.

37.     Additionally, Plaintiff and Class Members are entitled to attorneys' fees, costs, pursuant to California Labor Code § 1194 and prejudgment interest.

## Second Cause of Action
### (Plaintiff HERRERA on Behalf of Herself and Class Members against Defendants for Failure to Provide Meal Periods – Cal. Labor Code §§ 226.7 and 512)

38.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

39.     Labor Code §§ 226.7 and 512, provide that no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes or employ any person for a work period of

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

more than ten (10) hours without a second meal period of not less than thirty (30) minutes.

40.     Labor Code §§ 226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided in accordance with this section.

41.     Defendants did not have a policy or practice to pay an hour's pay for any missed meal periods. Defendants prioritized its business needs and profit over meal periods and thus obstructed Plaintiff and Class Members from taking 30 minute, duty-free meal periods within the first five (5) hours of any shift over six (6) hours long and deprived Plaintiff and Class Members of a second meal period after the tenth (10th) hour worked.  As a result, Plaintiff and Plaintiff Class members were regularly forced to forego a meal period and/or work during their meal periods.  In so doing, Defendants have intentionally and improperly denied meal periods to the Plaintiff and Plaintiff Class in violation of Labor Code §§226.7 and 512 and other regulations and statutes.

42.     At all times relevant hereto, Plaintiff and Plaintiff Class members have worked more than six (6) hours in a workday and regularly worked shifts of twelve (12) hours.

43.     At all times relevant hereto, the Defendants, and each of them, failed to schedule Plaintiff and similarly situated persons in a manner so as to reasonably provide meal and/or work free meal period as required by Labor Code §§ 226.7 and 512.

44.     By virtue of the Defendants' failure to schedule Plaintiff and Plaintiff Class Members in such a way as to provide a meal period, and/or work free meal period to the Plaintiff and Plaintiff Class thereby causing Plaintiff and Class Members to suffer, and will continue to suffer, damages in the amounts which are presently unknown, but will be ascertained according to proof at trial.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

45.    Plaintiff individually, and on behalf of the Class Members, requests recovery of meal period compensation pursuant to Labor Code §226.7 which they are owed during the Class Period, as well as the assessment of any statutory penalties against the Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes.

### Third Cause of Action
### Failure to Timely Pay Wages Due At Termination
### *(Labor Code, §201-203)*
### *(Plaintiff HERRERA on Behalf of Herself and Class Members Against All Defendants)*

46.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

47.    Sections 201 and 202 of the California Labor Code require Defendants to pay their employees all wages due within 72 hours of termination of employment. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

48.    Plaintiff and each Class she seeks to represent are entitled to compensation for all forms of wages earned, including, but not limited to, overtime wages earned but not paid, compensation for unprovided meal periods, and/or compensation for unlawful deductions, but to date have not received such compensation, therefore entitling them Labor Code section 203 penalties.

49.    More than 30 days have passed since affected Class Members have left Defendants' employ, and on information and belief, they have not received payment pursuant to Labor Code section 203.  As a consequence of Defendants' willful conduct in not paying all earned wages, Plaintiff and certain Class Members are entitled to 30 days' wages as a penalty under Labor Code section 203 for failure to pay legal wages.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

50.     Plaintiff and certain Class Members are also entitled to an additional 30 days' wages as a penalty under Labor Code § 203 for willful failure to pay one hour's wages in lieu thereof for denied meal periods, together with interest thereon and attorneys' fees and costs.

51.     WHEREFORE, Plaintiff and each Class she seeks to represent request relief as described herein and below.

**Fourth Cause of Action**
**Knowing and Intentional Failure to Comply With**
**Itemized Employee Wage Statement Provisions**
*(Labor Code, §226)*
*(Plaintiff HERRERA on Behalf of Herself and Class Members Against All Defendants)*

52.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

53.     Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the Class Members.  On information and belief, Plaintiff alleges that Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement that should have been provided to Plaintiff and Class Members. Section 226(a)(8) also requires employers to provide the "name and address of the legal entity that is the employer."

54.     Section 1174 of the California Labor Code requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by, and the wages paid to, their employees.  On information and belief, Plaintiff allege that Defendants have knowingly and intentionally failed to comply with Labor Code section 1174.  Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

55.     Section 7 of the IWC Wage Orders requires Defendants to maintain time records showing, among other things, when the employee begins and ends each

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

work period, meal periods, split shift intervals, and total daily hours worked in an itemized wage statements, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the Class Members.    On information and belief, Plaintiff alleges that Defendants have knowingly and intentionally failed to comply with these Wage Orders.

56.    WHEREFORE, Plaintiff and each Class she seeks to represent request relief as described herein and below.

**Fifth Cause of Action**
**Violation of Unfair Competition Law**
**(Business & Professions Code, §§17200)**
**(Plaintiff HERRERA on Behalf of Herself and Class Members Against All Defendants)**

57.    Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

58.    On information and belief, Plaintiff alleges that, by their policy of:

(a)    Paying employees overtime compensation only after working fifty (50) hours per work week and not compensating employees for overtime hours worked after eight (8) per day and/or between forty (40) and fifty (50) hours per week,  Defendants' failure to pay proper premium overtime compensation violates California labor laws, regulations, and Industrial Welfare Commission Wage Orders;

(b)    requiring employees to work in excess of five hours per shift of 6 or more hours without being provided a lawful meal period, and or working a shift of twelve hours per day without being provided a second lawful meal period, and not being compensated one hour of pay at the regular rate (or minimum wage) of compensation for each workday that a meal period was not provided, in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders;

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

(c)   requiring employees to work without being provided a minimum ten-minute rest period for every four hours or major fraction thereof worked and not being compensated one hour of pay at their regular rate of compensation for each workday that a rest period was not provided;

(d)   Defendants owed Plaintiff and Class Members appropriate overtime compensation, meal period compensation, and rest break compensation as detailed above but failed to pay all outstanding compensation to Plaintiff and Class Members who resigned or were terminated in violation of Labor Code, sections 201-203.

59.   The actions of Defendant as alleged within this Complaint constitute false, fraudulent, unlawful, unfair, and deceptive business practices, within the meaning of Business and Professions Code section 17200 *et seq.*

60.   Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

61.   As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiff and each Class she seeks to represent.   Defendants should be enjoined from these activities and restore to Plaintiff and the Class Members the wrongfully withheld wages pursuant to Business and Professions Code § 17203.   Plaintiff is informed and believes, and thereon alleges, that Defendants have been unjustly enriched through Defendants' unlawful, unfair, and fraudulent business practices as alleged throughout the Complaint.   Plaintiff is informed and believes, and thereon alleges, that Plaintiff and the Class Members are prejudiced by Defendants' unfair trade practices.

62.   As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff, individually, and on behalf of all employees

19

similarly situated, is entitled to equitable and injunctive relief, including full restitution of all wages which have been unlawfully withheld from Plaintiff and the Class Members as a result of the business acts and practices described herein, and enjoining Defendants to cease and desist from engaging in the practices described herein.

63.     The unlawful conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future.  Plaintiff alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to engage in the unlawful conduct previously alleged in this Complaint, and will continue to fail to pay and to avoid paying appropriate taxes, insurance, and unemployment withholdings.

64.     Plaintiff further requests that the court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the unfair, unlawful, and/or fraudulent practices alleged in this Complaint.

65.     WHEREFORE, Plaintiff and each Class she seeks to represent request relief as described herein and below and as deemed just.

### Sixth Cause of Action
**Statutory Penalties: Private Attorney General Act**
**(Labor Code, §2699, *et seq*.)**
**(*Plaintiff HERRERA on Behalf of Herself and Class Members against All Defendants* )**

66.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

67.     Defendants' failure to pay appropriate overtime pay, failure to provide statutory meal periods, failure to provide statutory rest breaks, failure to provide an hour's pay for missed meal periods and rest breaks entitles Plaintiff to recover civil penalties as an aggrieved employee on behalf of herself and other current and former

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

warehouse workers and other similarly situated employees of Defendants, pursuant to Labor Code, Section 2699(f).

68.    Plaintiff has complied with the procedural requirements specified in Labor Code Section 2699.3 as to Defendants' violations of Labor Code sections 226.7, 510, 512, 515 and the Industrial Welfare Commission Wage Orders.  As a consequence, Plaintiff has exhausted administrative remedies on behalf of herself and all other aggrieved current and former employees of Defendants.  Plaintiff, therefore, pursues this cause of action as permitted by Labor Code Section 2699, *et seq*.

69.    As a result of the violations alleged herein, Plaintiff, as an aggrieved employee on behalf of herself and other current and former non-exempt assistant managers of Defendants, seeks civil penalties available pursuant to Labor Code Section 2699.

## VII.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1.    That the Court determine that this action may be maintained as a class action;

2.    That Plaintiff be appointed the representative of each proposed Class, as appropriate;

3.    That the attorneys of record for Plaintiff whose names appear in this Complaint be appointed class counsel;

4.    For compensatory damages in an amount according to proof with interest thereon;

5.    For economic and/or special damages in an amount according to proof with interest thereon;

6.    That Defendants be found to have engaged in unfair competition in violation of section 17200 *et seq.* of the California Business and Professions Code;

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

7.    That Defendants be ordered and enjoined to make restitution to each Class due to their unfair competition, pursuant to California Business and Professions Code §§ 17203 and 17204;

8.    That Defendants be enjoined from continuing the unlawful course of conduct alleged herein;

9.    That Defendants further be enjoined to cease and desist from unfair competition in violation of section 17200 *et seq.* of the California Business and Professions Code;

10.    That Defendants be enjoined from further acts of restraint of trade or unfair competition;

11.    For penalties pursuant to Labor Code § 203;

12.    For penalties, attorneys' fees, and litigation costs pursuant to Labor Code §§ 226;

13.    For penalties, attorneys' fees, and litigation costs pursuant to Labor Code, section 2699, et seq.

14.    For attorneys' fees, interest, and costs of suit under applicable provisions of law outside the Labor Code; and

15.    For such other and further relief as the Court deems just and proper.

///

///

///

///

///

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED:  September 26, 2018          **OLSEN LAW OFFICES, APC**

By: s/Christopher A. Olsen
Christopher A. Olsen
Attorneys for ISABELL HERRERA, on
behalf of herself and all others similarly
situated
E-mail: caolsen@caolsenlawoffices.com

23

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**